# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

IN THE MATTER OF THE COMPLAINT OF  )   Case No.: 2:25-cv-00547
MARK BOUDOS AND PATTI BOUDOS FOR   )
EXONERATION FROM OR LIMITATION OF LIABILITY,  )   Judge:

## COMPLAINT FOR EXONERATION FROM OR LIMITATION OF LIABILITY

NOW COME Plaintiffs-in-Exoneration, MARK BOUDOS and PATTI BOUDOS, as co-owners of a 2021 13-foot 130 Super Sport Boston Whaler vessel (hereinafter the "Vessel"), by and through their attorneys, MARWEDEL, MINICHELLO & REEB, P.C., and for their Complaint seeking exoneration from or, alternatively, limitation of liability, alleges as follows:

### Jurisdiction and Venue

1. This action arises under the laws of the United States, specifically those laws defining a vessel owner's right to limitation and/or exoneration of liability pursuant to 46 U.S.C. § 30501 *et seq.*, and the various statutes, rules and regulations relating thereto. This Court has jurisdiction over this Complaint pursuant to its admiralty and maritime jurisdiction under 28 U.S.C. § 1333 and this is an action within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

2. Venue is proper in the Northern District of Indiana, Hammond Division, pursuant to 28 U.S.C. § 1391(b)(2), as the relevant incident occurred while the Vessel was located in Lake Michigan, a navigable waterway, at or near the Hammond Marina in Hammond, Indiana.

### Parties

3. At all times relevant hereto, Mark Boudos and Patti Boudos were a married couple and were citizens of the State of Illinois with a home address in Palos Heights, Cook County, Illinois.

4. Mark Boudos and Patti Boudos were at all times hereinafter mentioned the lone co-owners and titleholders of the Vessel, which was being operated on Lake Michigan.

**Factual Background**

5. At all times hereinafter mentioned, the Vessel (Hull Identification No. BWCE1974B121) was a 2021 13-foot 130 Super Sport Boston Whaler vessel, co-owned by Mark Boudos and Patti Boudos, at or near the Hammond Marina in the navigable waters of Lake Michigan, in the City of Hammond, Indiana

6. At all times relevant, Mark Boudos and Patti Boudos took all appropriate steps, necessary actions and exercised due diligence to make and maintain the Vessel seaworthy and it was, at the time of the incident involved herein, and all times relevant hereto, tight, staunch and strong, properly equipped and supplied, and in all respects seaworthy and fit and suitable for the purpose in which it was engaged.

7. Upon information and belief, on or about August 16, 2025, the Vessel was being operated by Mark Boudos on Lake Michigan, at or near the Hammond Marina.

8. Upon information and belief, on or about August 16, 2025, Patti Boudos was not aboard the Vessel.

9. Upon information and belief, on or about August 16, 2025, Robert Storino ("hereinafter "Storino") and Tony Wyatt (hereinafter "Wyatt") were also on board the Vessel, which was on Lake Michigan, a navigable waterway, at or near the Hammond Marina approximately between 4:30 p.m. and 5:00 p.m.

10. Upon information and belief, on or about August 16, 2025 shortly after 5:00 p.m., fire and rescue vehicles responded to reports of an injury on the lakefront suffered by Storino and immediately transported Storino from the Hammond Marina to a nearby hospital via ambulance.

11. Upon information and belief, the Vessel did not sink or suffer any damages.

**<u>Claim for Exoneration From or Limitation of Liability</u>**

12. Mark Boudos and Patti Boudos expressly deny any negligence on their part, including that the Vessel was unseaworthy, or that they caused the injuries and/or damages sustained by Storino. However, if it is proven that the Vessel was unseaworthy or otherwise involved in the August 16, 2025 incident resulting in injuries to Storino and/or Wyatt, Mark Boudos and Patti Boudos, as the lone co-owners of the Vessel, are entitled to seek exoneration or limit their liability consistent with applicable maritime law.

13. The Incident and any claimed injuries and damages were not caused or contributed to by any fault, neglect, want of care, or design on the part of Mark Boudos, Patti Boudos, or anyone they may have been responsible for, but rather, was caused in whole or in part by the fault, carelessness, and negligence of unknown third parties that Mark Boudos and Patti Boudos were not responsible for, as well as the fault, carelessness, and negligence of Storino himself.

14. The injuries and damages that any claimants may have sustained as caused by the incident and for which claims may be made were occasioned and incurred without the privity and knowledge of Mark Boudos and Patti Boudos.

15. Mark Boudos and Patti Boudos are not liable to any party, individual or entity, for any injuries, losses, or damages done, occasioned, incurred or resulting by reason of the incident, and Mark Boudos and Patti Boudos maintain that they are entitled to exoneration from liability for any and all injuries, losses and damages that may be claimed as a result of the allision.

16. In claiming exoneration from liability for any losses, damages, and/or injuries occasioned or incurred by reason of the incident which is described herein, and for any and all

claims arising therefrom, Mark Boudos and Patti Boudos state that they have valid defenses thereto based on the facts and the law.

17. While affirmatively denying any liability, Mark Boudos and Patti Boudos also believe that the claims, known and unknown, that may be asserted against them and the Vessel as a result of the incident which is described herein will exceed the Boudos' interest in the Vessel.

18. In the alternative, and in addition to the fact that Mark Boudos and Patti Boudos seek exoneration from any liability, Mark Boudos and Patti Boudos claim the benefits of limitation of liability provided by Pub. L. 109-304, 120 Stat. 1512 -1516, (46 U.S.C. §§ 30501-30512), and the various acts amendatory thereof and supplemental thereto.

19. The value of the Vessel at the time of the incident was $14,500.00. See Declaration of Vessel Value, submitted herewith as "**Exhibit A**."

20. As a recreational vessel, there was no freight earned or pending at the time of the incident.

21. Subject to final appraisal of the interests of Mark Boudos and Patti Boudos in the Vessel, if such final appraisal may be ordered by this Court on the application of any proper party of interest, Mark Boudos and Patti Boudos offer an Ad Interim Stipulation in the sum of $14,500.00, said sum being the aggregate interest of the Boudos' in the Vessel as of August 16, 2025, the date the incident at or near the Hammond Marina, in the navigable waters of Lake Michigan, in Hammond, Indiana together with interest from the date of the Stipulation, as well as a Stipulation for Costs in the sum of $500.00 as security for costs, as provided by Rule F(1) of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure. *See*, the Ad Interim Stipulation submitted herewith as "**Exhibit B**," and the Stipulation for Costs submitted herewith as "**Exhibit C**."

22. On October 7, 2025, Robert Storino filed a Complaint at Law against Mark Boudos in the Circuit Court of Cook County, entitled *Robert Storino v. Mark Boudos*, Case No. 2025 L 012467.

23. In the alternative, if first written notice of a claim was received prior to the filing of this Complaint for Exoneration from or Limitation of Liability, this Complaint for exoneration from or limitation of liability is filed within six months of said incident having occurred on or about August 16, 2025.

24. Upon information and belief, the presently known and potential claimants who have or may assert a claim against Mark Boudos and/or Patti Boudos in connection with the Incident include Storino and Wyatt on August 16, 2025, at the time of the Incident.

WHEREFORE, Plaintiffs-in-Exoneration, MARK BOUDOS and PATTI BOUDOS, respectfully request that:

a. Pursuant to applicable rules and procedures governing limitation of liability actions, the Court enter an Order pursuant to the applicable law, rules, and practices of this court, directing the issuance of a Monition to all persons possessing or claiming to possess a claim for any and all injuries, damages, or other losses done, occasioned, or incurred by, or resulting from, the aforesaid incident, compelling them to appear before this court and to file and make due proof of their respective claims and also to appear and answer the allegations of this complaint, according to the law and practice of this court at or before a certain time to be fixed in the Monition;

b. Pursuant to applicable rules and procedures governing limitation of liability actions, the court enter an order enjoining the further prosecution, and the commencement and prosecution, of any and all pending and future claims, lawsuits, and proceedings of any kind resulting or in any way relating to the aforesaid incident, and any and all actions, lawsuits, and

proceedings of any kind against MARK BOUDOS, PATTI BOUDOS, and/or against the Vessel, to recover damages alleged to have been sustained and arising out of or occasioned by the aforesaid Incident, except in this proceeding; and

    c.    The court adjudge and find in this proceeding:

        i.    Plaintiffs, MARK BOUDOS and PATTI BOUDOS, are not liable to any extent for any loss or damage or for any claims whatsoever in any way arising out of or in consequence of the Incident made the subject of this Complaint; or,

        ii.    Alternatively, if Plaintiffs, MARK BOUDOS and/or PATTI BOUDOS, are judged liable, said liability and damages to any and all claimants collectively shall be limited to, and shall not exceed, the amount of Plaintiffs' interest in the Vessel (which has a value of $14,500.00) and that Plaintiffs are discharged from any and all further liability and damages to all claimants; and

    d.    Plaintiffs-in-Exoneration, MARK BOUDOS and PATTI BOUDOS, be given such other and further relief as this Court may deem just and proper.

Respectfully submitted,

By: /s/: *John A. O'Donnell*
One of the Attorneys for MARK BOUDOS and PATTI BOUDOS

John A. O'Donnell, Sr. (6181205)
John A. O'Donnell, Jr. (6321227)
Luke J. Sawicki (6346351)
*Marwedel, Minichello & Reeb, P.C.*
303 West Madison Street Suite 1100
Chicago, IL 60606
Phone: (312) 902-1600
Fax: (312) 902-9900
jodonnellsr@mmr-law.com
jodonnelljr@mmr-law.com
lsawicki@mmr-law.com

6

## CERTIFICATE OF FILING

The undersigned certifies that, on this 2nd December, 2025, pursuant to Fed. R. Civ. P. 5 and LR 5.2, a true and correct copy of the foregoing Complaint for Exoneration From or Limitation of Liability, was filed with the Clerk of Court using the CM/ECF System.

/s/ *John A. O'Donnell*